Filed 11/25/15  Russell v. Wells Fargo Bank CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KARAN J. RUSSELL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WELLS FARGO BANK N.A. et al.,<br><br>    Defendants and Respondents. | B255457<br><br>(Los Angeles County<br>Super. Ct. No. BC503749) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed.

Karan Russell, in pro. per., for Plaintiff and Appellant.

Keesal, Young & Logan, Elizabeth P. Beazley and Kendra S. Canape for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Karan Russell appeals from a judgment entered after the trial court sustained the demurrer of Defendants Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A. to her original complaint. Defendants concede that the trial court erred by sustaining the demurrer after Plaintiff filed an amended complaint that superseded her original pleading. We also conclude this was error and reverse.

## FACTS AND PROCEDURAL BACKGROUND

On March 25, 2013, Plaintiff filed her original complaint against Defendants, asserting various causes of action related to the deed of trust encumbering her property, her loan modification review, and the foreclosure proceedings on her property. Defendants filed a demurrer to the original complaint on May 9, 2013, noticing a hearing date of September 17, 2013.

On September 6, 2013, Plaintiff filed a first amended complaint. Despite Plaintiff's filing of the amended pleading, neither Defendants nor the court took the demurrer hearing off calendar.

On September 17, 2013, the trial court took Defendants' demurrer under submission, and issued a minute order sustaining the demurrer without leave to amend.

On October 3, 2013, Plaintiff filed a motion to vacate, in which she argued, among other things, that her filing of an amended complaint rendered the demurrer to the original complaint moot. On March 13, 2014, the trial court denied Plaintiff's motion to vacate and entered a judgment of dismissal. Plaintiff filed a timely notice of appeal from the judgment.

## DISCUSSION

Pursuant to Code of Civil Procedure section 472, a plaintiff has the right to amend her complaint once, without leave of court, after a demurrer is filed and before the demurrer is heard. If the plaintiff files an amended complaint, the amended pleading " 'supersedes the original one, which ceases to perform any function as a pleading. [Citations.]' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) Under this rule, the filing of an amended complaint moots a demurrer directed at the original complaint. (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 506.)

Defendants concede, and we agree, that Plaintiff's first amended complaint superseded her original complaint, thereby rendering Defendants' demurrer to the original complaint moot. The trial court's subsequent ruling on the demurrer was therefore ineffective to dispose of the case. Accordingly, the judgment of dismissal is reversed.[1]

---

[1] As for Plaintiff's invitation to address whether collateral estoppel or res judicata would apply to the claims asserted in her amended complaint, we have no cause to consider these claims at this time. Defendants have yet to respond to Plaintiff's amended pleading, and Plaintiff's appeal was taken from a judgment of dismissal entered upon her original complaint. In view of this procedural posture, the only appropriate relief this court can provide is reversal of the judgment and remand for further proceedings on Plaintiff's first amended complaint. We cannot adjudicate the merits of a demurrer that Defendants have yet to file.

**DISPOSITION**

The judgment is reversed.  Plaintiff is entitled to her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



JONES, J.*

We concur:



ALDRICH, Acting P. J.



LAVIN, J.

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.